UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

VS.    CASE NO: 5:11-cr-20-Oc-28PRL

DEMUNTRAY D. COX

### ORDER

Defendant's Motion to Dismiss the Superseding Petition for Offender Under Supervised Release (Doc. 161) is before the Court for consideration. The Government filed a response opposing the requested relief. (Doc. 163). Because probable cause has already been found by the magistrate judge, Defendant's Motion is due to be denied.

On July 15, 2020, Probation filed a superseding violation against Defendant. Defendant argues the superseding petition should be dismissed because Defendant's mental condition prevents the court from finding Defendant willfully violated his supervised release. (Doc. 161).[1] Defendant does not cite authority supporting the motion.

The Federal Rules of Criminal Procedure provide for a Motion to Dismiss of pleadings (indictments, informations and pleas) as a pretrial motion. Fed. R. Crim. P. 12. Violations of supervised release are not pleadings nor a pretrial matter. "Rule 12 is inapplicable to petitions to revoke supervised release." *United States v. Sisimit-Sanic*, 305 F. Supp. 3d 1351, 1355 (S.D. Fla. 2018).

---

[1] The Court notes Defendant was evaluated by 2 psychologists prior to trial, and after a report was issued opining that Defendant was competent, Defendant accepted the findings in court and the case proceeded to trial. (Doc. 27).

Rather, Federal Rules of Criminal Procedure 32.1 governs revoking or modifying probation or supervised release. Rule 32.1 leaves the decision to dismiss a petition to the judge. "Under Rule 32.1(b)(1)(C), if probable cause is found by the judge, then a revocation hearing shall occur. If the judge does not find probable cause, then the judge must dismiss the petition." *Id.* In this case, probable cause has already been established. (Docs. 136, 137). Thus, the Superseding Petition will not be dismissed.

Nor would the Court dismiss the superseding petition based on Defendant's argument that the violations were not willful. 18 U.S.C. § 3583(e)(3) does not have a scienter requirement. A court "may revoke a term of supervised release, and require the defendant to serve in prison all or part" of the statutorily-authorized supervised release period if the court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3).

There is no Eleventh Circuit opinion directly on point as to whether the Government must prove that a defendant's supervised release violation is willful. In *United States v. Black,* the Court stated: "A district court may revoke a defendant's supervised release if the court finds by a preponderance of the evidence that the defendant violated a condition of his supervised release." 486 F. App'x 79, 84 (11th Cir. 2012) (citations omitted). Notably, the Court did not say if the court finds that the defendant **willfully** violated a condition of his supervised release. *United States v. Briggs* from the Seventh Circuit is persuasive. Section "3583(e)(3) provides no grounds to contest a revocation of supervised release on a defendant's mental deficiency." 42 F. App'x 898, 899 (7th Cir. 2002). Revocation of supervised release is appropriate "regardless of whether the defendant had willful intent to violate the conditions." *Id.*

Further, "release can be revoked for reasons that have nothing to do with the 'fault' of the offender, but instead are more related to protection of the public." *United States v. Loy*, 237 F.3d 251, 265 (3d Cir. 2001). Similarly, in *Cannaday*, in addressing revocation of probation, the Eleventh Circuit considered that "all that is required is that the evidence reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation." *United States v. Cannaday*, 250 F. App'x 933, 936 (11th Cir. 2007) (citations omitted).

A defendant's "willful intent, or lack thereof, is certainly relevant to sentencing or to the determination of the type of sanction to be imposed on a defendant for violating a condition of supervised release" but "the lack of willful intent does not constitute a defense to a supervised release violation." *United States v. Millines*, No. 06-80081-CR-Hurley, 2016 WL 11002227, at *6 (S.D. Fla. June 16, 2016), report and recommendation adopted, 2016 WL 11002178 (S.D. Fla. Nov. 10, 2016).

Defendant's Motion to Dismiss the Superseding Petition for Offender under Supervised Release (Doc. 161) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on August 9, 2020.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
United States Probation Office
Counsel for Defendant
Demuntray D. Cox